IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| THE UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 2:CV-11-127-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| FEDERAL RESOURCES CORPORATION, | |
| Defendant. | |

## INTRODUCTION

The Court has a number of motions before it that are fully briefed and at issue. For the reasons explained below, the Court will (1) grant the Government's motion to amend, (2) deny Federal Resource's motion to strike, (3) grant Federal Resource's motion to amend, and (4) grant in part Federal Resource's motion to consolidate and consolidate with this case the case of *U.S. v. Minnie Moore Resources, Inc*., CV-1-11-501-EJL.

## <u>Government's Motion to Amend</u>

The Government has sued Federal Resources to recover over $7 million in cleanup costs allegedly incurred at three Idaho mining sites. The Government alleges that Federal Resources conducted mining activities at all three mine sites in the 1950s and 1960s, and is suing under the Comprehensive Environmental Response, Compensation and Liability Act (CERLCA), 42 U.S.C. § 9607. In the motion now before the Court, the Government

**Memorandum Decision & Order - 1**

seeks to amend its complaint to include claims under the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3304.

The Government alleges that after this action was filed, Federal Resources transferred its only significant asset to a trust, the trustee of which is also a majority shareholder and director of Federal Resources. *See Proposed Amended Complaint (Dkt. No. 33)* ¶¶ 32-42. The Government alleges that Federal Resources received no cash in return for the transfer of the asset, and did not receive reasonably equivalent value for the transfer. *Id.* at ¶ 37. This transfer, the Government alleges, was a fraudulent transfer under FDCPA, *id*. at ¶¶ 69-74, and should be deemed void. *Id*. at ¶ 7 (Prayer for Relief).

Federal Resources argues that the proposed amendment should be rejected because it fails to state a claim under FDCPA. A court should "freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). It is properly denied, however, if the amendment would be futile. *See Carrico v. City and County of San Francisco*, 656 F.3d 1002 (9th Cir. 2011).

Federal Resources argues that "[t]he plain language of the FDCPA requires a debt to be owing to the United States as a prerequisite to the United States invoking the remedies set forth in the statute." *See Federal Resources Brief (Dkt. No. 40)* at p. 12. Because liability "remains to be proven," the "Government cannot articulate any amount of money (if any) that is presently owed," and thus "the proposed claims under FDCPA are without basis," according to Federal Resources. *Id*. at p. 16.

The Court disagrees. The FDCPA does not apply only to actions to recover an

existing judgment on a debt. It also applies when the Government seeks "to obtain, *before judgment on a claim for a debt*, a remedy in connection with such claim." 28 U.S.C. § 3001(a) (emphasis added). Moreover, a "debtor" subject to the Act is "a person who is liable for a debt *or against whom there is a claim for a debt."* 28 U.S.C. § 3002(4) (emphasis added). This language would indicate that the Government has at least stated a claim under FDCPA despite that fact that CERCLA liability has not been finally adjudged. Judge Edward J. Lodge in this District rejected a challenge similar to that of Federal Resources, and allowed a FDCPA claim to proceed in a pending CERCLA clean-up action. *See U.S. v. Marmon Holdings, Inc*., 2011 WL 4381893 (D.Id. Sept. 19, 2011).

For all of these reasons, the Court holds that the Government's proposed amendment is not futile. As that was the only objection to the motion, the Court will grant the motion to amend.

**Federal Resource's Motion to Strike**

Federal Resources filed a motion to strike a Declaration filed by Government counsel Paul Gormley. The Declaration was submitted in support of the Government's motion to amend, just granted above. As the Court's analysis set forth above makes clear, at no time did the Court cite or rely on the Gormley Declaration. Thus, the Court deems moot Federal Resource's motion to strike.

**Federal Resource's Motion to Amend**

Federal Resources seeks leave to file an amended answer, counterclaim and third-

**Memorandum Decision & Order - 3**

party complaint that will add potentially liable third parties to this case. The Government does not object although it points out that some of the individuals may be dead and some of the corporate entities may be defunct. That is a matter that can be sorted out in discovery. The Government also seeks to require that as a condition of the amendment, Federal Resources agree that no delays will result from adding these parties. The Court finds, however, that the issue of delay will be resolved later, if it arises. Any change to the existing Case Management Order must be requested by motion, and will be accompanied by full briefing. The Court will take up those issues in the context of a specific motion to amend the CMO.

For all these reasons, the Court will grant Federal Resource's motion to amend.

**Federal Resource's Motion to Consolidate**

Federal Resources seeks to consolidate with this case two cases that are presently in front of Judge Lodge: *U.S. v. Minnie Moore Resources, Inc*., CV-1-11-501-EJL ("*Minnie Moore"*) and *U.S. v. The Coeur d'Alenes Company*, CV-2-11-633-EJL (*"CDA"*). The Government has no objection to consolidating the *Minnie Moore* case but objects to consolidating the *CDA* case. The Government points out that at the same time it filed the *CDA* case, it filed a Consent Decree settling the case, and sent the Decree out for public comment. That case is still pending while the public comments are reviewed, and the Government alleges that the case should not be consolidated with this one.

The Court agrees. That case is on a much faster track towards final resolution, and there will be no discovery or trial efficiencies from consolidation because it appears there

**Memorandum Decision & Order - 4**

will be no discovery or trial. If that changes, the motion may always be re-filed.

Accordingly, the Court will grant Federal Resource's motion only in part, and will not consolidate the *CDA* case.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Government's motion to amend (docket no. 33) is GRANTED and the Clerk is directed to file the Amended Complaint attached as Exhibit 1 to docket no. 33.

IT IS FURTHER ORDERED, that the motion to amend answer, counterclaim, and third-party complaint (docket no. 34) is GRANTED.

IT IS FURTHER ORDERED, that the motion to strike (docket no. 50) is DEEMED MOOT.

IT IS FURTHER ORDERED, that the motion to consolidate (docket no. 52) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to consolidate with this case the case of *U.S. v. Minnie Moore Resources, Inc.*, CV-1-11-501-EJL. The Clerk is directed to change the case number to reflect the reassignment to this Court. This case shall be the lead case and *Minnie Moore* shall be the member case, and all filings shall be made in the lead case from this point forward. The motion is denied in all other respects.

    DATED:  **March 9, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge